UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

DAGOBERTO GONZALEZ,
JOSE VIZCAINO CRUZ, and
SANTO AGRAPINO TEJADA MOTA,

                   Defendants.

20 Cr. 335 (JSR)

ORDER ENDORSED

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN SUPPORT OF AN APPLICATION TO EXCLUDE TIME
UNDER 18 U.S.C. § 3161(h)(7)(A) FROM JULY 12, 2021 THROUGH OCTOBER 12, 2021**

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007

Kedar S. Bhatia
Assistant United States Attorney
    *-Of Counsel-*

The Government respectfully submits this memorandum of law in support of an application to exclude time under 18 U.S.C. § 3161(h)(7)(A) from July 12, 2021 through October 12, 2021.

## I.      Background

On March 20, 2020, defendants Dagoberto Gonzalez, Jose Vizcaino Cruz, and Santo Agrapino Tejada Mota were arrested. (Mar. 20, 2020 Dkt. Entry). On March 23, 2020, the defendants were presented in Magistrate Court on Complaint 20 Mag. 3131. (Dkt. 1, 3, 7, 9). From April 2020 into June 2020, Magistrate Judges entered orders of continuance extending the Government's time under the Speedy Trial Act, 18 U.S.C. § 3161, to seek an indictment through July 22, 2020. (Dkt. 12, 16, 23-24).

On June 30, 2020, a Grand Jury returned Indictment 20 Cr. 335, charging the defendants with conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846. (Dkt. 28). On July 10, 2020, the Court held an arraignment and initial pretrial conference and excluded time under the Speedy Trial Act through August 19, 2020. (July 10, 2020 Minute Entry).

During an August 19, 2020 pretrial conference, the Court scheduled trial for February 1, 2021 and excluded time under the Speedy Trial Act through that date. (Aug. 19, 2020 Minute Entry). During a December 18, 2020 pretrial conference, the Court adjourned the trial until July 12, 2021 and excluded time under the Speedy Trial Act through that date. (Dec. 18, 2020 Minute Entry; Dkt. 34).

As the accompanying Declaration describes, in May 2021, the Government notified the defendants that the Government was preparing to produce cellphone extractions. (Decl. ¶ 15). During a May 21, 2021 teleconference, the defendants requested, with the Government's consent, an adjournment of the trial to permit review of those cellphone extractions and to continue ongoing

disposition discussions. (*See* May 21, 2021 Minute Entry). The Court indicated that it would grant the defendants' application and adjourn the trial until October 12, 2021. The Government requested, with the defendants' consent, that time be excluded under the Speedy Trial Act through that date. The Court requested a memorandum of law in support of the Government's application.

The Government has reviewed each of the cellphone extractions. The cellphone extractions contain text message conversations and photographs reflecting involvement in narcotics transactions. (Decl. ¶ 19). The Government has not identified any *Brady* information on the cellphone extractions. (*Id.*).

## II.    Applicable Law

Under the Speedy Trial Act, "the trial of a defendant charged in an . . . indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Act also provides that certain "periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence." *Id.* § 3161(h). Among those excluded periods are "[a]ny period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel . . . , if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). In determining whether the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial, the Court should consider, among other things, "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(iv).

As the Second Circuit has explained, "Government failure to comply with discovery rules can prevent exclusion of time from speedy trial calculations if that failure is chronic or in bad faith." *United States v. Esquilin*, 205 F.3d 1325, 2000 WL 232162, at *2 (2d Cir. 2000) (unpublished). And "[c]ourts in this [D]istrict have concluded that [refusing to] exclude[e] time under the Speedy Trial Act requires bad faith conduct or an unjustifiable lack of diligent preparation." *United States v. Jain*, 2020 WL 6047812, at *11 (S.D.N.Y. Oct. 13, 2020) (internal quotation marks omitted).

## III.   Discussion

Here, the period from July 12, 2021 through October 12, 2021 should be excluded under 18 U.S.C. § 3161(h)(7)(A).[1] The Court has indicated that it intends to grant the request, made by the defendants with the consent of the Government, to adjourn the trial from July 12, 2021 to October 12, 2021. The defendants requested that adjournment, principally, to afford adequate time to review the cellphone extractions that the Government indicated it would make available to the defendants, and which the Government made available to the defendants on or about May 24, 2021. The defendants, believing pretrial resolutions are likely in this case, further sought that adjournment to complete ongoing disposition discussions with the Government and to respect the limited schedule for jury trials during the COVID-19 pandemic. Those cellphone extractions, taken together, contain evidence of narcotics transactions. As a result, the defendants and defense counsel should be given time to review the cellphone extractions to determine how, if at all, to defend against the charge. Put differently, "the failure to grant [the requested] continuance . . . would deny counsel for the defendant[s] . . . the reasonable time necessary for effective

---

[1] Certain periods within the period from July 12, 2021 through October 12, 2021 might be excludable under other provisions of the Speedy Trial Act. For instance, if the defendants filed pretrial motions, certain periods would be excludable under 18 U.S.C. § 3161(h)(1)(D).

preparation [of the defense], [even] taking into account the [defendants'] exercise of due diligence [in reviewing the cellphone extractions]." 18 U.S.C. § 3161(h)(7)(B)(iv). As a result, "the ends of justice served by [granting that continuance] outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). Accordingly, the time from July 12, 2021 through October 12, 2021 should be excluded.

Moreover, under the standard set forth by the Second Circuit in *Esquilin*, the Government's failure to promptly produce the cellphone extractions does not warrant refusing to exclude the time from July 12, 2021 through October 12, 2021. The Government's failure, although avoidable and unfortunate, was not "in bad faith" or "chronic." 205 F.3d at 1325, 2000 WL 232162, at *2. That failure was not in bad faith because it was "inadvertent," much like the Government's failure in *Esquilin*. *Id.* (*See also* Decl. ¶ 20). And given that the Second Circuit did not deem the Government's failure in *Esquilin* to be chronic, the Government's failure in this case was not chronic either. In *Esquilin*, roughly fourteen months after indictment and roughly one month before trial, the Government began producing additional material that "the prosecutor responsible for turning over . . . [had] just simply forgot[ten]." 205 F.3d at 1325, 2000 WL 232162, at *1-2. (internal quotation marks omitted)). Here, the Government's inadvertently delayed production came roughly ten months after indictment and roughly one and a half months before the scheduled trial. (*See, e.g.*, Decl. ¶ 18). In short, *Esquilin* counsels in favor of excluding the period from July 12, 2021 through October 12, 2021.

To be sure, the Speedy Trial Act provides that "[n]o continuance . . . shall be granted because of . . . lack of diligent preparation . . . on the part of the attorney for the Government," 18 U.S.C. § 3161(h)(7)(C), and some "[c]ourts in this [D]istrict have" indicated that a refusal to "exclude[e] time under the Speedy Trial Act" might be warranted by "an unjustifiable lack of

4

diligent preparation," *Jain*, 2020 WL 6047812, at *11 (internal quotation marks omitted). The Government has found no precedent, however, that would counsel in favor of refusing to exclude time under the circumstances here. To the contrary, in the cases that discuss unjustifiable lack of diligent preparation, the courts have nevertheless excluded time on facts similar to those here.

In *Jain*, approximately thirteen months after indictment and approximately one and a half months before trial, the Government belatedly produced material from several electronic devices. *Id.* at *1-2. As a result of the belated disclosure, the court adjourned the trial. *Id.* at *8. The defendant "did not consent to the [G]overnment's request to exclude time" "after the untimely production of the [d]evices," yet, despite being "aware of the [G]overnment's discovery failures," "[t]he Court found that [excluding time] would outweigh the best interest of the public and the defendant in a speedy trial in order to permit [the defendant] adequate time to review the newly produced discovery." *Id.* at *12.

Similarly, in *United States v. Reichberg*, approximately twenty-two months after indictment and approximately one week before trial, the Government notified the defendants that the Government had inadvertently "failed to produce a significant number of wiretaps." 2018 WL 6599465, at *3 (S.D.N.Y. Dec. 14, 2018). As a result of the belated disclosure, the court adjourned the trial. *Id.* at *4-5. Over the defendants' objection, the court granted the Government's request to exclude time after the belated production, reasoning:

> [W]hile the [c]ourt was troubled by the Government's failure to produce the entirety of the wiretap evidence in a timely fashion despite their multiple representations to the contrary, and later questioned the diligence of the Government in that regard, the [c]ourt did not find that the attorneys for the Government had demonstrated an unjustifiable lack of diligence in their preparation—particularly given the complexity and scope of discovery in the case as a whole . . . . No party suggested to the [c]ourt that the Government's conduct had been undertaken in bad faith; and the [c]ourt had no evidence of the Government's bad faith at the time.

*Id.* at *11.

Here, unlike in *Jains* and *Reichberg*, the defendants *do* consent to the Government's request to exclude time, furnishing an even stronger basis for the Court to grant that request. *See also United States v. Vilar*, 568 F. Supp. 2d 429, 444 (S.D.N.Y. 2008) ("[B]ecause [the defendant] has specifically requested an adjournment of the trial on the ground that he needs additional time to review the [G]overnment's disclosures, the ends of justice served by adjourning the trial outweigh the best interest of the public and [the defendant] in a speedy trial, such that the period of delay [before] the new trial date is excluded . . . .").

In this case, the Government undoubtedly and regrettably failed to promptly review and produce the cellphone extractions in question. (*See* Decl. ¶ 20). However, the Government did not intentionally hide the cellphone extractions or intentionally delay their production, and there is no argument that the Government acted in bad faith. Given that the defendants seek time to review the cellphone extractions, consider how they may affect possible defenses, and complete discussions about pretrial dispositions of this matter—which may not be based at all on the contents of the cellphone extractions—the Government submits that an exclusion of time is warranted until the defendants' requested trial date of October 12, 2021.

Should the Court deny the application to exclude time from July 12, 2021 through October 12, 2021, the Government respectfully requests in the alternative that the Court set a trial date within the Speedy Trial Act's seventy-day window. Here, the Speedy Trial Act was triggered by the July 10, 2020 arraignment, which was when the defendants "appeared before a judicial officer of the court in which [the] charge [against them] is pending." 18 U.S.C. § 3161(c)(1); *see also United States v. Lynch*, 726 F.3d 346, 352-53 (2d Cir. 2013) (Speedy Trial Act triggered by post-indictment arraignment). As recounted above, all the time since that date has been excluded from Speedy Trial Act computation. Accordingly, seventy days remain on the Speedy Trial Act

clock. *See id.* The Government thus respectfully requests that, should the Court deny the application to exclude time after July 12, 2021, the Court schedule the trial to commence within seventy days of July 12, 2021, which is by September 20, 2021.

## IV.    Conclusion

For the reasons stated above, the Government respectfully requests that time be excluded under 18 U.S.C. § 3161(h)(7)(A) from July 12, 2021 through October 12, 2021.

Dated:  New York, New York
        June 4, 2021

Respectfully submitted,

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

So ordered.
June 14, 2021

By: _____
Kedar S. Bhatia
Assistant United States Attorney
Tel: (212) 637-2465

JED S. RAKOFF, U.S.D.J.